(No. 15040.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE COHEN, Plaintiff in Error.

*Opinion filed February 21, 1923.*

1. CRIMINAL LAW—*when count does not contain two charges.* A count in an indictment for robbery which alleges matter of aggravation after charging the offense does not constitute two charges or two counts.

2. SAME—*the State's attorney may enter nolle as to any count or part thereof.* Where the State's attorney desires to waive the charges against the defendant the proper procedure is to enter a *nolle prosequi,* which amounts to a declaration of record that he will not further prosecute the particular indictment, and a *nolle prosequi* may be entered to only a part of the counts of the indictment or to a separable part of any one count.

3. SAME—*when "waiver" of count by State's attorney applies only to part thereof.* Where a defendant is charged with robbery in one count, which contains a further allegation of aggravation that the crime was committed with a gun and with felonious intent to kill, and the State's attorney, instead of entering a *nolle* to the matter of aggravation, "waives" the "gun count," a judgment on a plea of "guilty of plain robbery" is supported by the indictment, as the so-called waiver does not do away with the entire count.

4. SAME—*the Parole law does not violate section 19 of bill of rights.* The Parole law does not violate section 19 of the bill of rights as denying to a defendant the right to obtain complete justice by law, and does not violate any other provision of the constitution. (*People* v. *Connors,* 291 Ill. 614, followed.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding.

LESTER E. WILLIAMS, and CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, George Cohen, impleaded with four other persons, was indicted in the criminal court of Cook county. The indictment contained two counts. The first count charged robbery, and contained a further allegation of aggravation in these words: "And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Isadore Goldberg, the said Meyer Cohen, the said George Cohen, the said Ben Liebermann, and the said Benjamin Malichefsky, then and there were armed with a certain dangerous weapon, to-wit, a certain revolver, with the unlawful and felonious intent then and there, if resisted, then and there to kill and maim the said Sam Greenfield in the said robbery," and concluding in the usual form employed in such indictments. The second count is the ordinary count for receiving stolen property knowing it to be stolen, etc. When the case came on for hearing the State's attorney made a motion "to waive the gun count." The court then entered the order that on motion of the State's attorney the "gun count in the indictment in this cause be and the same is hereby waived." The record then recites that the defendant George Cohen, "by leave of court, now here withdraws his plea of not guilty heretofore rendered to the indictment in this cause, and for a plea thereto says that he is guilty of plain robbery in manner and form as charged." The record further shows that the defendant was admonished by the court, "and he being fully advised by the court of the effects in rendering said plea, he still persisting therein, the court orders said plea to be accepted and entered of record against the said defendant George Cohen." The usual sentence then followed, finding the age of the defendant to be twenty years, and by the judgment and sentence he was committed in the usual form to the State reformatory for an indeterminate sentence. The plea of guilty and sentence were entered April 27, 1920. More

than two years thereafter this writ of error was sued out
of this court to review the judgment.

The grounds upon which it is claimed that the judgment
should be reversed are, first, that the gun count was waived,
and as that count was waived the first count of the indict-
ment was waived, and there could be no conviction or sen-
tence thereunder for robbery or under the second and only
remaining count, which does not support the judgment and
sentence; and second, the Parole law, which provides for
indeterminate sentences, is void because it violates the pro-
visions of the State constitution.

The condition of this record is another reminder of the
well demonstrated truth that a clear understanding of the
law and of the procedure applicable to any case before pro-
ceeding to the trial or disposition thereof is essential to the
avoidance of embarrassing complications and many times
of fatal errors.  Courts of review are often furnished, as
we are in this case, with strong and able briefs and well
reasoned arguments for sustaining the judgment to be re-
viewed, which would have been unnecessary if more time
had been employed in the first instance in ascertaining the
true procedure and the law applicable to the case before
diving into a trial thereof without a proper knowledge of
the fundamental law and the proper procedure governing
the case.  In this case there were only two counts in the in-
dictment, which have already been stated.  There is no gun
count in the case at all.  The first count is simply a count
for robbery with a gun.  In other words, it does not con-
stitute two charges or two counts against the defendant.
*People* v. *Boer,* 262 Ill. 152.

The claim in this case is that the count for robbery was
"waived" by the State's attorney.  The showing in the rec-
ord is that the gun count was waived, and there is no such
a count in the indictment.  Waivers usually come about by
agreement, either express or implied, entered into by the par-
ties to the record or their attorneys, and the claim of plain-

tiff in error is that by the statement of the State's attorney
and by his motion that he waived the gun count, which did
not exist, he to all intents and purposes entered a *nolle pros-
equi* to the first count of the indictment. It is also the ap-
parent claim of the plaintiff in error that the order of the
court entered on motion of the State's attorney that the gun
count be waived had the effect of quashing this count and
taking it entirely out of the record. The proper procedure
for the State's attorney in this case would have been to en-
ter a *nolle prosequi,* which in criminal practice amounts to
a simple declaration of record that he will not further pros-
ecute the particular indictment or some designated parts
thereof. (1 Bishop's New Crim. Proc. sec. 1387.) The
simplest form of the *nolle prosequi* is to the entire indict-
ment. It may, however, be to only a part of the counts of
the indictment, or it may be simply to a separable part of
any one count. (Ibid. sec. 1391.)

We are disposed in this case to take, in part, the view
of the plaintiff in error that by waiving the gun count the
State's attorney meant that he would enter a *nolle* as to the
gun count, meaning thereby that he entered the *nolle* as to
all that part of the first count which was simply matter of
aggravation to the count for robbery. This is a reasonable
conclusion, and we think the only proper conclusion, inas-
much as there was not, in fact, any gun count in the indict-
ment. It is absolutely clear that the plaintiff in error un-
derstood that this was the meaning of the State's attorney
when he made the motion "to waive the gun count." It is
absolutely clear, also, that after the court entered the order
on the State's attorney's motion, the first count then charged
"plain robbery," simply,—and that is exactly the charge to
which plaintiff in error pleaded guilty, and he did it under-
standingly. It is also clear that the count as it remained
after entering the *nolle* or "waiver" entirely supports the
judgment on the plea of guilty. The plaintiff in error's con-
tention, therefore, that there was no count in the indictment

to support the judgment cannot be sustained. The plaintiff in error received all the consideration from the State's attorney that he asked, and by pleading guilty to plain robbery he escaped the longer sentence which would have been coming to him had he pleaded guilty to the count as originally framed.

It is argued by plaintiff in error that the Parole law violates section 11 of article 2 of the constitution, (or bill of rights,) and also article 3 of the constitution. These contentions have heretofore received the full consideration of this court in the case of *People* v. *Connors,* 291 Ill. 614, and also in the cases of *People* v. *Simmons,* 299 Ill. 201, and *People* v. *Dillon,* 303 id. 539. We see no cause for receding from the decisions in those cases, which are adverse to the plaintiff in error's contention.

It is also contended that the Parole law violates section 19 of the bill of rights, which provides that "every person ought to find a certain ·remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly, and without delay." The plaintiff in error in this case received his sentence by his own act of pleading guilty, knowing just what sentence he would receive under his plea. We are at a loss to understand how it can be claimed that any of his constitutional rights have been violated that have been enumerated in said section. The only matter offered by plaintiff in error that is applicable to said section is the statement that the statute does not grant the right to obtain by law complete justice.

· The judgment and sentence of the court are affirmed.

*Judgment affirmed.*