## The People of the State of Illinois, Defendant in Error, v. Marie Gardner, Plaintiff in Error.

### Gen. No. 7,765.

1. INTOXICATING LIQUORS—*when "second offense" count of indictment quashable.* A count in an indictment for violation of the liquor law should have been quashed as a second offense charge where it appeared on its face that the former conviction was for having unlawful possession while the present indictment is for the unlawful sale of intoxicating liquor.

2. CRIMINAL PROCEDURE—*examination of witness tending to show previous conviction of different offenses as prejudicial error.* In

a prosecution for violation of the liquor law the questioning of the clerk of the court as to a former conviction of defendant was prejudicial error though that part of the indictment charging a former offense was nolled, where the offense charged and the former conviction were under different parts of the statute and the evident purpose of the examination, especially when considered with the opening statement of the district attorney, was to bring before the jury the fact of a former conviction of defendant.

3. INTOXICATING LIQUORS—*admissibility of opinion evidence as to intoxicating character of liquor sold.* In a prosecution for the unlawful selling of intoxicating liquor it was error to permit witnesses to testify that if they drank enough of the wine purchased from defendant it would intoxicate them and to testify that in their opinion "white mule" purchased from defendant was intoxicating and was fit for use as a beverage, the test to be applied being whether the liquor contained more than one-half of one per cent.

4. CRIMINAL PROCEDURE—*right to liberal cross-examination of opinion witness in prosecution for unlawful sale.* Liberal cross-examination should have been allowed of a witness in a prosecution under the liquor law upon his testimony concerning the identity of the liquor purchased and his knowledge concerning its intoxicating character.

5. CRIMINAL PROCEDURE—*propriety of instruction distinguishing between disbelief as jurors and as men.* An instruction was erroneous in a criminal case which told the jurors that they were not at liberty to disbelieve as jurors if they believed as men without limiting such belief to the evidence in the case.

Error by defendant to the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed March 6, 1925.

HAROLD F. TRAPP, for plaintiff in error.

EVAN WORTH, State's Attorney, for defendant in error; ANDERSON & MANGAS, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The plaintiff in error, Marie Gardner, hereinafter referred to as defendant, was indicted in the circuit court of Logan county for violations of the Prohibition Act. The indictment contained eight counts.

Some of the counts charge the unlawful possession of intoxicating liquor and some the unlawful selling of intoxicating liquor in violation of the Act. The defendant made a motion to quash the indictment and each count thereof, which motion was denied by the court, and thereupon she pleaded not guilty. A trial of the case resulted in a verdict finding the defendant guilty in manner and form as charged in the fourth and eighth counts, and found her age to be 76 years. The court thereupon pronounced judgment, sentencing the defendant to be confined and imprisoned in the county jail for a term of three months under the fourth count and an additional term of three months under the eighth count. The case is brought to this court for review by writ of error.

A number of errors are assigned and argued concerning the legal sufficiency of the different counts of the indictment and the admission and rejection of testimony upon the trial, but for the purposes of this opinion it will not be necessary to consider and determine all of the points raised, but only those which are important upon the conviction of the defendant.

The fourth count under which the defendant was found guilty purported to charge a second or subsequent offense, but it appears from the averments in the count itself that the alleged selling of intoxicating liquor was not a second offense within the meaning of the statute, inasmuch as the former conviction was not for selling but for having unlawful possession of intoxicating liquor. The motion to quash, therefore, should have been sustained to this count as a second offense charge. During the trial the State's Attorney nolled the second conviction charge, which left in the count, only the charge of unlawful selling of intoxicating liquor.

On the trial of the case the State's Attorney called the clerk of the circuit court to prove the previous indictment and conviction of the defendant, and the following proceedings occurred:

"Vincent Jones, being first duly sworn, testified:

"I am clerk of the circuit court since December 6, 1920. I know the defendant Marie Gardner.

"Q. I will ask you whether or not an indictment was returned against the defendant Marie Gardner at the September Term 1922 of the Circuit Court of Logan County, Illinois?

"Mr. Trapp: I object; objection sustained.

"Q. Have you with you or can you produce an indictment that was returned against this defendant Marie Gardner at the 1922 September Term of the Circuit Court of Logan County, Illinois?

"Mr. Trapp: I object to that. I would like to have the matter heard before the proof is made.

"The Court: Take a recess.

RECESS.

"The Court: Gentlemen of the jury, that portion of the fourth count in the indictment which charges a former conviction is nolled. That is out of the case, the former conviction."

While an objection was sustained to the questions of the State's Attorney relating to the return of an indictment for a former violation of the Prohibition Act and afterwards that part of the indictment charging a former offense was nolled by the State's Attorney, the evident purpose of the examination, especially when considered in connection with the opening statement made by the State's Attorney concerning a former conviction for violation of the Prohibition Act, was to bring before the jury the fact that a previous indictment had been returned against the defendant and a previous conviction had been had for violation of the Prohibition Act. Inasmuch as the previous conviction was for a different violation and was not competent evidence in the pending case, its effect would naturally result in prejudicing the jury against the defendant in the consideration and determination of the defendant's guilt under the pending charge. This feature of the case therefore involved a judicial error to the rights of the defendant

to a fair and impartial trial. The record also tends to show that the conviction of the defendant was largely based on incompetent testimony, with reference to the question of whether or not the liquor sold was intoxicating in quality. One witness, Carl Walters, was called and had testified with reference to the purchase of wine from the defendant; that the defendant sold him a quart of wine on January 22, 1924, and that he and Clyde Wright drank the wine. He also testified that the wine which he purchased from Mrs. Gardner on the 22nd day of January, 1924, was not intoxicating in its character. The State's Attorney thereupon asked the following question, which the witness was allowed to answer over the defendant's objection: ''If you drank enough of that wine, which you purchased from Mrs. Gardner on the 22nd of January, 1924, would it have made you intoxicated? A. Of course.'' Clyde Wright, the other witness who testified with reference to the purchase of wine, was asked a similar question, and allowed to answer over the objection of defendant, namely: ''If you drank enough of the wine which you purchased from Mrs. Gardner on this January 22, 1924, would it make you intoxicated? A. Yes, sir.'' The same character of testimony was also elicited from Ernest Houghteling, who testified that he bought a pint of white mule from the defendant, and testified in reference to it: ''Leslie Mountjoy and I sampled it. We tasted it. I know what intoxicating liquor is. I have drunk a little intoxicating liquor; I know its effects. I would call it intoxicating in its form.''

''Q. Was the contents of that bottle intoxicating liquor? A. Yes, in my opinion.'' The following question was also asked: ''Q. I will ask you to state from the tasting of the contents of People's Exhibit No. 1, whether or not it was fit for use as a beverage? A. In my opinion it was.''

These questions and answers were clearly incompetent, and involved merely opinions and guesses of

the witnesses upon a hypothetical state of facts. The evidence of the guilt of a defendant should not rest to any extent on guesses, surmises, opinions or conjectures. *People v. Burke,* 313 Ill. 576.

The test to be applied concerning the intoxicating quality of the liquor is whether or not the wine or liquor contains "one-half of one percentum or more of alcohol by volume." Section 2, ch. 43, Cahill's Ill. St.

It must also be pointed out that the cross-examination of the witness Houghteling was unduly restrained with reference to matters concerning the identification of the alleged liquor purchased, and concerning the knowledge he claimed to have of the intoxicating quality of the liquor, and his ability to tell from the taste whether it was intoxicating. The right of cross-examination is justly esteemed one of the most efficient means of eliciting the truth and exposing fabrication and falsehood; and the right of cross-examination is one of the most important factors that enter into the matter of a fair trial; and therefore on the trial of a person charged with a criminal offense a liberal latitude should always be allowed in conducting the cross-examination. *Ritzman v. People,* 110 Ill. 362.

Error is also assigned on the first instruction given for the People, in which the jurors were told that they were not at liberty to disbelieve as jurors, if they believed as men, without limiting such belief to the evidence in the case. The belief which is formed, whether as jurors or as men, should always be based upon the evidence; and neither as jurors nor as men should they form any belief concerning the guilt of a defendant except such as is based upon the evidence. This instruction was therefore erroneous.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*