The People of the State of Illinois, Defendant in Error, v. William Minner, Plaintiff in Error.

Gen. No. 8,068.

1. INTOXICATING LIQUORS—*sufficiency of allegation of illegal sale.* A charge in an indictment for illegal sale of intoxicating liquors is legally sufficient in alleging that the defendant did unlawfully, wilfully, and feloniously sell intoxicating liquor fit for beverage purposes and that it contained more than one-half of one per cent of alcohol by volume, without having a permit from the Attorney General of the State.

2. CRIMINAL PROCEDURE—*right to convict on lesser charge after waiving a greater offense.* If, after a felony charge has been waived, a lesser charge remains in the indictment, conviction may be had on the lesser charge.

3. CRIMINAL PROCEDURE—*effect on count of waiving aggravating circumstances.* Waiver of allegations of the count of an indictment as to aggravating circumstances justifying increased punishment makes such allegations surplusage and will not vitiate the count.

4. CRIMINAL PROCEDURE—*time of waiving charge of former conviction.* A waiver or *nolle prosequi* of the charge of former conviction of the sale of intoxicants may be entered at any stage of the cause between indictment and sentence.

5. CRIMINAL PROCEDURE—*effect of waiving averment of former conviction.* Upon the waiver of an averment in an indictment of a former conviction of the sale of intoxicating liquor, the case may then proceed as a first offense charge.

6. CRIMINAL PROCEDURE—*waiver of one charge as amendment.* Waiver of proof of a former conviction charge by the State's attorney does not constitute an amendment to the indictment.

7. CRIMINAL PROCEDURE—*extent of proof of indictment required.* In a criminal case it is sufficient if the people prove so much of the charge in the indictment as constitutes an offense punishable at law.

Error by defendant to the Circuit Court of McDonough county; the Hon. GEORGE C. HILLYER, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

GEORGE V. HELFRICH and PHILIP E. ELTING, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROY D. JOHNSON, Assistant Attorney General, and WILLIAM R. HARRIS, State's Attorney, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case a writ of error is prosecuted from a judgment of conviction in the circuit court of McDonough county on the first and second counts of an indictment. The counts charge plaintiff in error with violations of the Prohibition Act; and the questions involved on review, pertain only to the first and second

counts. And it will be sufficient therefore, for the purposes of this opinion, to consider only those matters urged for reversal of the conviction which pertain to these counts. Each of the counts contains the charge, that the plaintiff in error did unlawfully, wilfully and feloniously sell intoxicating liquor fit for beverage purposes; said liquor containing more than one-half of one per cent of alcohol by volume, without having a permit from the Attorney General of the State; and the allegations in each of these counts are legally sufficient as a charge of illegal sale of intoxicating liquor in violation of the Prohibition Act. *People v. Tate,* 316 Ill. 52. Both counts also allege a prior violation of the Prohibition Act by illegally transporting intoxicating liquor, of which offense the plaintiff in error had been previously convicted in the county court of McDonough county. The proof of plaintiff in error's guilt of illegally selling intoxicating liquor is clearly established by the evidence; and no proof was offered by the People that the illegal sale proven was a second offense within the meaning of the Prohibition Act; and no proof made, that the plaintiff in error had been convicted in the county court of McDonough county, for illegal transportation of intoxicating liquor, as charged in the indictment. The second offense charge was expressly waived by the people and abandoned by the State's attorney; and the jury were instructed to ignore entirely the allegations in the indictment relative to a former conviction of the violation of the Prohibition Act; and that the jury should apply the evidence only to the charges of the illegal sale or illegal possession of intoxicating liquor. It is apparent from the verdict, that the latter charges were the only ones considered by the jury. A felony charge may be waived; and if a lesser charge remains in the indictment, a conviction may be had on the lesser charge. *People v. Swarkowski,* 307 Ill. 524. So it has been held, that the waiver of an allegation in a count of an

indictment of aggravating circumstances justifying increased punishment does not vitiate the entire count. *People v. Cohen*, 307 Ill. 87. The allegations of aggravation in an indictment after they have been waived may be considered as surplusage. *People v. Wood*, 318 Ill. 388; *People v. Cordor*, 306 Ill. 264. And a waiver or *nolle prosequi* can be entered at any stage of the cause between the finding of the indictment and the sentence. 2 Bishops New Crim. Procedure Sec. 1394. A former conviction in an indictment may be nollied during the trial and thereupon the case may proceed as a first offense charge of unlawful sale of intoxicating liquor. *People v. Gardner*, 237 Ill. App. 211. We find no error in this feature of the case; nor would the waiver of proof of former conviction charge by the State's attorney constitute an amendment of the indictment as contended by counsel for plaintiff in error. *People v. Dugas*, 310 Ill. 291. 1st Chitty Crim. Law 250. In a criminal case it is sufficient if the people prove so much of the charge in the indictment as constitutes an offense punishable by law. *People v. Boer*, 262 Ill. 152. It is contended also by the plaintiff in error that the liquor contained in exhibit 1 was sent to the jury room; and error is assigned on this point. But there is no evidence in the record that this was done; nor that the liquor was at any time in possession of the jurors after the case had been submitted to them. We find no reversible error in any of the instructions given for the people; nor in the admission or exclusion of evidence during the trial; and it is a sufficient answer to the plaintiff in error's contention, that the court should have directed a verdict of not guilty that this would not have been proper under the law and the evidence. *People v. Karpovich*, 288 Ill. 268; *People v. Zurek*, 277 Ill. 621.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*