People of State of Illinois, Defendant in Error, v. Ernest Connor, alias Ernest Conners, Plaintiff in Error.

Gen. No. 9,570.

28

Opinion filed March 12, 1948. Released for publication April 7, 1948.

A. L. VOLLBORN, of Danville, for plaintiff in error; I. RAY CARTER, of Danville, of counsel.

WILLIAM T. HENDERSON, State's Attorney, of Danville, for defendant in error; JOHN W. UNGER and FRANK J. MEYER, Assistant State's Attorneys, both of Danville, of counsel.

MR. JUSTICE DADY delivered the opinion of the court.

On March 11, 1947, an amended information was filed in the county court of Vermilion county by the state's attorney which charged that the defendant on February 2, 1947, did unlawfully permit persons to frequent and come together in a certain building used and occupied by the defendant, said building being then and there situated in the neighborhood of the City of Hoopeston, in said county, to play at a certain game or games of chance for money or other valuable things. Such information then charged that on July 16, 1946, there was filed in such court an information which charged said defendant with operating a gaming house; and that said information so filed on July 16, 1946, (so far as is now material) was in words and figures as follows:

"Now on this day . . . William T. Henderson, State's Attorney, . . . informs said court that Ernest Connors 'on July 14, 1946, in said county,' did then and there wilfully and unlawfully permit persons to frequent and come together *upon certain premises known as the Ernest Conners, R. R. Hoopeston, Illinois*" in said county, "to play for money or other valuable things at certain games contrary to statute," etc. (The italics are ours.)

The amended information then charged that on July 16, 1946, said defendant was arraigned in said county court and entered a plea of guilty to said charge, and that upon said plea of guilty the court then assessed a fine against said defendant in the sum of $100 and costs, and that such fine and costs were paid by the defendant.

The amended information then alleged that the amended information and the information filed on July 16, 1946, were for like offenses, contrary to the statute, etc.

On March 20, 1947, a jury returned a verdict finding the defendant guilty as charged in the amended information, and further finding that on July 16, 1946, the defendant pleaded guilty to a like offense. The verdict of the jury fixed the defendant's punishment at a fine of $700 and confinement in the county jail for eight months.

On April 9, 1947, after denying the defendant's motion for a new trial, the court entered judgment ordering defendant confined in jail for eight months and to pay a fine of $700 and costs.

The defendant has sued out a writ of error to have such judgment reviewed. Only the common-law record is presented to us. No report of the trial proceedings is presented.

The only contention of the defendant is that the amended information filed March 11, 1947, was on its

face insufficient to base a conviction for a second offense for the reason that the information filed July 16, 1946, pleaded in *haec verba* in such amended information, did not sufficiently charge any violation of the provisions of par. 325 of the Criminal Code, ch. 38, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 37.255]. Said par. 325, so far as is material, reads as follows:

"GAMING HOUSE. Whoever . . . in any *building, booth, yard, garden, boat or float, by him or his agent used and occupied,* procures or permits any persons to frequent or to come together to play for money or other valuable thing, at any game, . . . shall, upon conviction, for the first offense be fined not less than $100, and for the second offense be fined not less than $500, and be confined in the county jail not less than six months, . . . ." (The italics are ours.)

The question of the sufficiency of the information charging the first offense was first raised in the brief of the defendant filed in this court on this appeal. However, in *People v. Nickols,* 391 Ill. 565, 570, the court said: "To give a court jurisdiction of the subject matter in a criminal case, it is essential that the accused be charged with a crime. If that is not done, a plea of guilty in manner and form as charged does not authorize the court to render a judgment of conviction for some criminal offense, and if a judgment is so rendered, it is void and may be attacked at any time, either in a direct proceeding on review or collaterally. No waiver or consent by a defendant in a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law. A plea of guilty in manner and form as charged in the indictment is an admission only of what is well pleaded in the indictment. The plea confesses nothing if the indictment charges no criminal offense, and the defendant may question the sufficiency of the indictment to charge an

offense by motion in arrest of judgment or on a writ of error." (See also *People v. Harris,* 394 Ill. 325, 327.)

In *People v. Buffo,* 318 Ill. 380, 384, wherein defendant was convicted of a second offense, the court said: "To give a court jurisdiction of the subject matter in a criminal case it is essential that the accused be charged with a crime. If that is not done, a plea of guilty in manner and form as charged does not authorize the court to render a judgment of conviction for some criminal offense, and if a judgment is so rendered it is void and may be attacked collaterally. This court has decided in the several cases referred to, that an indictment or information in substantially the identical language of the former indictment against the defendant did not charge the commission of a crime, and that the question of its sufficiency might be raised on motion to quash or motion in arrest. Inasmuch as the defendant was not charged in the former indictment with a violation of any criminal law the court had no jurisdiction to try, convict and sentence him for the commission of a criminal offense. The former judgment was void and subject to collateral attack."

From the foregoing decisions it follows that the judgment of conviction in the present case cannot be affirmed on the ground that the sufficiency of the information in the first conviction case was first questioned in this court.

The information on which the first conviction was based merely charged that the defendant permitted "persons to frequent and come together upon certain premises known as the Ernest Connors, R. R. Hoopeston, Illinois." Such information did not charge in words, in substance, or in legal effect that the alleged offense was committed in any "building, booth, yard, garden, boat or float," or that the premises were "used," "occupied," or possessed by the defendant or his agent, as required by the statute.

In *People v. Brander,* 244 Ill. 26, 32, the court said: "The indictment is wholly lacking in any averment of ownership in any person, corporation or other entity that may be the owner of property. The courts must abide by long established and well known rules of law, and it is not too much to require reasonable attention to such rules in drawing indictments."

In *People v. Martin,* 314 Ill. 110, the defendant had been convicted in the trial court of a violation of the Prohibition Act. On page 115 the court said: "The use of the word 'unlawfully' in connection with the allegation of possession does not have any effect, inasmuch as the use of this word represents merely the conclusion of the pleader and does not state any fact from which the inference of unlawfulness would arise."

It is our opinion that the words "unlawfully" and "contrary to the statute" used in the information on which the first conviction was based did not cure the defect in such information in failing to charge that the premises were either a building, booth, yard, garden, boat or float, and in failing to charge that the premises were either used or occupied by the defendant.

Being required to follow the foregoing decisions, it is our opinion that the information filed March 11, 1947, was not sufficient to base thereon the conviction of the defendant of a second offense, and was not sufficient to base thereon the verdict and judgment in this case, which verdict and judgment applied a punishment that under the statute could only be given for conviction of a second offense. *(Hankins v. People,* 106 Ill. 628.)

The fact that the information filed March 11, 1947, charged a prior conviction did not, however, vitiate the remainder of the information which charged the commission of an alleged offense on February 2, 1947 (see *People v. Cohen,* 307 Ill. 87; *People v. Swarkowski,* 307 Ill. 524, and *People v. Minner,* 246 Ill. App. 376) and the sufficiency of that part of the information which

charged the commission of the alleged offense on February 2, 1947, is not questioned by the defendant.

Therefore the judgment of the trial court is reversed and the cause is remanded for a new trial as to the alleged offense of February 2, 1947.

*Reversed and remanded.*