(No. 4688— )

HARRY MEYERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1956.*

HARRY MEYERS, Claimant pro se.

LATHAM CASTLE, Attorney General; THOMAS G. CRONIN, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On September 6, 1955, Harry Meyers, an inmate of the Illinois State Penitentiary, Joliet, Illinois, filed his complaint against the State of Illinois asking this Court for a declaratory judgment finding that he had served sufficient time for the crime that he had committed, and, further, that he be granted an award of $34,000.00 for wrongful incarceration.

The record consists of:

(1) Motion and order to sue in forma pauperis.
(2) Complaint.
(3) Report of the proceedings.
(4) Order authorizing the waiving of brief and argument in said cause.
(5) Commissioner's report.

The facts of the case are as follows:

On April 23, 1929, claimant was convicted of robbery in Cook County, Illinois, and was sentenced to the Illinois State Penitentiary for a term of one year to life. He appeared before the Parole Board from time to time, and was paroled in 1950. In 1952, he was returned to the Penitentiary for violation of his parole.

The gist of his complaint is that, since his return to the Penitentiary, the Parole Board has never given him a set date for release, so that he can accumulate good time towards reduction of the set date. He also claims that the Parole Board has acted in an unreasonable and arbitrary manner in the consideration of his case, and that he has served seventeen years more than should be required of him.

At the date of the hearing of his cause, respondent made a motion to strike the complaint on the grounds that it did not state a cause of action, and, in support thereof, urged that the question of parole lies solely within the discretion of the Parole Board, and not the Court of Claims. The Commissioner took the motion with the case, and, at the conclusion of the evidence, found in his report that the Court of Claims was without jurisdiction to either grant a parole, or award damages for alleged wrongful incarceration.

Chap. 38, Sec. 801 to 816, inc., of the Ill. Rev. Stats., as amended, provides a complete code for sentence and parole of persons convicted of crime. This act was found to be constitutional in the case of *People* vs. *Cohen,* 307

Ill. 87. Nowhere in the act is there any provision for a review of the findings of the Parole Board by the Court of Claims.

It should also be pointed out that this Court has held in previous cases that it does not have jurisdiction to make awards where wrongful incarceration is charged. Citing *Montgomery* vs. *State,* 21 C.C.R., 205; *Marcinkiewicz* vs. *State,* 21 C.C.R., 153, *Harrison* vs. *State,* 21 C.C.R., 245.

For the reasons above set forth, the motion of respondent to strike the complaint is allowed, and the complaint is hereby dismissed for want of jurisdiction.