**STATE, Plaintiff, v. KEARNS, Defendant.**

Common Pleas Court. Franklin County.

No. 34975. Decided February 25, 1955

66

Robert E. Albright, Justin L. Sillman, R. Rush Warren, Columbus, for state.

John J. Chester, Columbus, for defendant.

## OPINION

By BARTLETT, J.

1. THE DEMURRER OF THE ACCUSED TO THE FIRST COUNT OF THE INDICTMENT, IS OVERRULED.

2. THE FIRST COUNT OF THE INDICTMENT SUFFICIENTLY SETS FORTH ALL THE ESSENTIAL ELEMENTS OF THE CRIME OF THE ACCUSED ACCEPTING A BRIBE, TO INFLUENCE HIM WITH RESPECT TO HIS OFFICIAL DUTIES AS PROSECUTING ATTORNEY OF HIS COUNTY.

3. THE FIRST COUNT OF THE INDICTMENT SUPPLEMENTED BY THE BILL OF PARTICULARS, AVERS WITH REASONABLE CERTAINTY ALL OF THE MATERIAL FACTS WHICH IT IS NECESSARY TO PROVE IN ORDER TO SUSTAIN A CONVICTION, AND DOES SO WITH' SUCH REASONABLE CERTAINTY AS TO ADVISE THE ACCUSED WHAT HE MAY EXPECT TO MEET AT HIS TRIAL.

4. THE DEMURRER OF THE ACCUSED TO THE SECOND COUNT OF THE INDICTMENT, IS SUSTAINED.

5. THE ALLEGED CRIME OF OBSTRUCTING JUSTICE REFERRED TO IN THE SECOND COUNT OF THE INDICTMENT, IS BASED UPON THE ENTRY OF A NOLLE PROSEQUI TO ANOTHER INDICTMENT THEN PENDING IN THIS COURT. SINCE A NOLLE PROSEQUI CAN ONLY BE ENTERED BY THE PROSECUTING ATTORNEY AND BY NO OTHER OFFICER OR PERSON, THE OMISSION OF ANY AVERMENT OF THE ESSENTIAL ELEMENT OF THE OFFICIAL CAPACITY OF THE ACCUSED AS PROSECUTING ATTORNEY, IS FATAL TO THE VALIDITY OF SUCH SECOND COUNT; AND SUCH OMISSION CANNOT BE CURED BY ANY RECITALS IN THE BILL OF PARTICULARS.

The first count of the indictment charges in substance that on or about a certain date, Frank H. Kearns, as prosecuting attorney, accepted money to influence him with respect to his official duties.

A bill of particulars supplementing the indictment was filed upon order of the Court, setting forth in substance that the money was accepted to influence said Kearns in connection with his official duties as prosecuting attorney, to seek leave of the Court to enter a nolle prosequi in the criminal cases then pending in this Court against Murray Golib and Louis Nash, by making false representations to the Court that he had insufficient evidence to prosecute the defendants Golib and Nash, which leave to enter said nolle prosequi was granted by the Court in reliance upon said representations of said Kearns as prosecuting attorney which representations said Kearns knew to be false.

"22. The essential elements in an indictment for bribery as respects solicitation or acceptance of a bribe are: (1) venue; (2) capacity of defendant, as a state or other officer; (3) either before or after his election or appointment; (4) corruptly solicits or accepts; (5) any valuable thing; (6) influence him with respect to his official duty or to influence his action, vote, opinion or judgment in a matter pending, or that might legally come before him; and (7) a statement of time of commission." **State v. Carney, 28 Abs 555;** See also **7 O. Jur. 2d., Bribery, Sec. 18, p. 708.**

The Court is of the opinion that the first count of the indictment sets forth sufficiently all of the essential elements of the crime of accepting a bribe by the accused to influence him with respect to his official duties as prosecuting attorney.

An indictment is sufficient if the requisite allegation can be reasonably inferred from other allegations contained therein. It is not necessary to charge that a definite sum of money was accepted. **7 O. Jur. 2d, Bribery, Sec. 18, p. 708; State v. Peer, (app.) 31 Abs 606,** dismissed no debatable constitutional question, **135 Oh St 626; Watson v. State, 39 Oh St 123.**

"Identity of the bribe-giver is not material in a prosecution for acceptance of a bribe." **11 C. J. S.** Bribery, p. 843 and p. 844; **People v. O'Neill, 48 Hun. 36,** affirmed **109 N. Y. 251.**

The first count of the indictment supplemented by the bill of particulars, avers with reasonable certainty all of the material facts which it is necessary to prove in order to sustain a conviction, and does so with such reasonable certainty as to advise the accused what he may expect to meet at his trial. **7 O. Jur. 2d, supra, p. 708.**

68

The demurrer of the defendant to the first count of the indictment is, therefore, overruled.

The second count of the indictment charges in substance that Frank H. Kearns on or about a certain date, did corruptly obstruct and impede the due administration of justice, by requesting and inducing the Court to nolle prosequi the indictment against Murray Golib and Louis Nash because of insufficient evidence, knowing the same to be untrue.

The Court has no authority to enter a nolle prosequi in any cause; it can only be entered by the prosecuting attorney with the approval of the Court, on good cause shown. This count merely refers to Frank H. Kearns and omits entirely any averment to his official capacity as prosecuting attorney. Surely this is an essential element in this count, if one is to rely on the nolle prosequi entered as obstructing justice.

It is said by counsel for the state, since the offenses named in the two counts are not of the same class, they must have been connected together in their commission, else they would not have been included in the same indictment.

It is true, that if not of the same class, the two offenses ought not to be included in the same indictment, unless they are connected together in their commission. In fact, if so included, the indictment should show on its face that the offenses named in the two counts thereof, are connected together in their commission. 42 C. J. S., Indictments, Sec. 180, p. 1141.

Counsel for the state assert that since the capacity of the accused as prosecuting attorney is set forth in the first count, it is not necessary to repeat it in the second count of the indictment. This simply is not the law concerning the essential averments in the different counts of an indictment.

"Where there are several counts in an indictment, each count apparently charges a complete offense. The counts are, not interdependent, but each must necessarily be complete in itself." 21 O. Jur., Indictment, Sec. 96, p. 795; Browning v. State, 120 Oh St 62.

"Each count is, in legal contemplation, a separate indictment and must contain all the averments necessary to constitute the offense sought to be charged in such count, * * *." 27 Am. Jur., Indictments, Sec. 129, p. 687.

The constitutional right of the accused to be advised of the nature and cause of the accusation he is expected to meet, is not dependent upon surmise nor subject to the frailities of pleading that may be found in an indictment.

The demurrer of the defendant to the second count of the indictment is, therefore, sustained.