STATE OF MISSOURI, at the Relàtion of EDWARD L. DOWD, Circuit Attorney for the City of St. Louis, State of Missouri, Relator, v. HONORABLE JAMES F. NANGLE, Judge of the Circuit Court of the City of St. Louis, State of Missouri, Now Presiding in the Criminal Causes, Assignment Division Thereof, Respondent, No. 44559 —276 S. W. (2d) 135.

Court en Banc, March 14, 1955.

*Edward L. Dowd*, Circuit Attorney of City of St. Louis, for relator.

*Hyman G. Stein* for respondent.

136

[136] CAVE, Special Judge.—This is an original proceeding in prohibition. Relator, as circuit attorney of the City of St. Louis, seeks to prohibit respondent, a judge of the circuit court of said city, from proceeding further in a certain criminal cause pending in said court for reasons hereinafter detailed.

Briefly stated, the pertinent facts disclosed by the pleadings are: On May 23, 1954, the relator, as circuit attorney, filed in the St. Louis Court of Criminal Correction an information charging one Leland O. D. Cluck with the offense of "robbery in the first degree by means of a dangerous and deadly weapon" (§ 560.135, RSMo 1949, VAMS) ; Cluck was arrested and on June 9, a preliminary trial was held before a magistrate who, after hearing evidence, bound the defendant over to the circuit court to answer the said charge of robbery in the first degree; on June 21, relator, on his official oath, filed in the Circuit Court for Criminal Causes an information charging defendant Cluck with the crime of robbery in the first degree by means of a dangerous and deadly weapon; on June 23, defendant appeared in court with counsel and pleaded not guilty to such charge and the cause was set for trial on October 11, 1954. During July, respondent was serving in the Assignment Division of the Circuit Court for Criminal Causes; on July 14, defendant Cluck and his counsel appeared before respondent for a *pre-trial* conference (the nature of which is later discussed) ; during such *conference* defendant and his counsel stated to respondent that defendant desired to and would, plead guilty to the lesser offense of "assault with intent to commit robbery" (§ 559.190) ; whereupon respondent made and entered the following order: "On Court's own motion, charge reduced to assault with intent to rob, whereupon defendant withdraws former plea and pleads guilty as charged. Sentence deferred to July 30, 1954, for pre-sentence application for parole filed." Relator promptly filed his petition for prohibition in this court and our preliminary rule was issued.

The fundamental question presented by the pleadings is: Can a circuit judge, before trial and over the objections of the circuit attorney (or prosecuting attorney), reduce the degree of a criminal offense charged in an information or indictment to a lesser offense and accept a plea of guilty to such lesser offense?

■ Respondent alleges in his return and argues in his brief that he had jurisdiction to make the order quoted above because: While he was serving as Judge of the Assignment Division for Criminal Causes, he adopted a policy of preparing a *special docket* listing several pending criminal cases thereon and notifying the circuit attorney and the attorneys representing the defendants of the time and place he would hold a *pre-trial conference* relative to such cases; that these conferences were held in accordance with Rule 25.09 of the Rules of Criminal Procedure adopted by [137] this court; that relator notified respondent that no one from his office would attend such conferences; that respondent did hold a pre-trial conference in the Cluck case, and states his theory of the authority for making the above order as follows: "It is the contention of respondent that if, in making such inquiry, such facts appear to the Court as impel the conclusion that a defendant's requested plea of guilty to a lesser included offense should be accepted, it is within the Court's discretion and jurisdiction to accept such a plea."

Relator denies that he or any one in his office ever notified respondent that a representative of the circuit attorney's office would not attend pre-trial conferences, but that he had notified respondent that his office would not divulge the state's evidence at such a conference and prior to a plea of guilty. We note that on page 4 of respondent's return it is alleged that "Relator's assistant assigned to said Division was present in court when the case of said Leland O. D. Cluck was called for a pre-trial conference." However, the lack of friendly cooperation, if so, between the office of relator and respondent would not enlarge the jurisdiction of respondent in the present matter.

■ Rule 25.09 authorizes a court, in its discretion, to call a conference of the attorneys for the parties to consider the possibility of: "(1) The simplification of the issues;. (2) The necessity or desirability of amendments to the pleadings; (3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof; (4) The limitation of the number of expert and character witnesses; (5) Such other matters as may aid in the disposition of the action." It is apparent the broad purpose of this rule is to simplify the issues and expedite the trial of a case. It does not authorize the court to inquire into *all the facts* for the purpose of determining whether a defendant should or should not be permitted to plead guilty to a lesser offense than the one charged in the information. Neither does Rule 25.04 authorize such a proceeding. This rule reads: "A defendant may plead not guilty or guilty. The court

may refuse to accept a plea of guilty, and shall not accept a plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." There is no rule or statute authorizing a circuit court "of its own motion," before trial, to reduce the degree of the offense charged and to accept a plea of guilty to a lesser offense.

There is no allegation in the return or claim made in the brief that respondent heard any testimony at the pre-trial conference or of any facts ascertained by him at such conference other than this allegation: "In the course of such conference said defendant and his counsel stated that said defendant Leland O. D. Cluck desired to enter a plea of guilty to the lesser offense of assault with intent to rob." Such a "desire" is understandable, but that fact would not confer jurisdiction upon the court, of its "own motion" to make an order reducing the offense charged. The punishment for conviction of the offense charged is from five years in the penitentiary to death, and not subject to parole; while the punishment for the reduced charge is from a fine of one hundred dollars to a maximum of five years in prison, and is subject to parole.

In what office has the law lodged the duty and responsibility for the commencement of prosecution of a criminal offense and carrying the same forward to its conclusion? Unquestionably such is the responsibility of the circuit attorney or prosecuting attorney. § 56.450 provides that the circuit attorney shall "manage and conduct all criminal cases, * * * of which the circuit court * * * shall have jurisdiction * * *." In State ex inf. McKittrick v. Wymore, 345 Mo. 169, 181, 132 S.W. 2d 979, 986, we said that a circuit or prosecuting attorney " 'is a quasi judicial officer, retained by the public for the prosecution of persons accused of crime, in the exercise of sound discretion to distinguish between the guilty and the innocent, between the certainly and the doubtfully guilty.' " And in State ex rel. Griffin, Pros. Atty. v. Smith, 363 Mo. 1235, 1239, 258 S.W. 2d 590, 593, we discussed the dignity and importance [138] of the office of prosecutor and recognized that he, like every other attorney at law, is an officer of the court, nevertheless "he is not a mere lackey of the court nor are his conclusions in the discharge of his official duties and responsibilities, in anywise subservient to the views of the judge as to the handling of the State's cases. * * * It is clearly the weight of authority that if there is no statute respecting the right to enter a nolle prosequi [and there is no such statute in Missouri] that such right lies within the *sole* discretion of the prosecuting attorney." In State v. Hatcher, 136 Mo. 641, 643, 38 S.W. 719, it is said: "There is no doubt that a prosecuting attorney, after an indictment has been found for an offense, may elect to prosecute for a lower grade of the same offense, necessarily included within the same

offense. There is no *statute* on this subject, but the power is inherent in the state's officer thus to *nolle* any portion of an indictment.''

These cases, and others that might be cited, support the conclusion that the prosecutor has the sole authority and discretion to nolle prosequi a criminal proceeding *or to elect to reduce the offense charged* before trial.

We have considered the cases cited by respondent but do not consider them controlling or persuasive on the specific issue before us. Such cases are: Ex parte Peoples, 100 P. 2d 295; Collins v. Robbins, 84 A. 2d 536; Ex parte Carlson, 186 N.W. 722; Hobson v. Youell, 15 S.E. 2d 76; McDonald, District Attorney v. Sobel, 72 N.Y.S. 2d 4; Smith v. Roach, 106 P. 2d 536; State v. Wilmot, 163 P. 742. Generally those cases announce the rule that a defendant may plead guilty to or be convicted of a lesser offense than the one charged if the lesser offense is necessarily included in that charged against him, and the evidence authorizes the submission of the lesser offense. § 556.230. Such rule has no application to the question under consideration.

From what we have said it follows that respondent was without jurisdiction to make the order reducing the charge against defendant Cluck and accepting a plea of guilty to the lesser offense, and to that extent our provisional rule in prohibition should be made absolute, but in all other respects the rule should be discharged so that the State may proceed with the prosecution against Cluck under the first degree robbery charge, if it is so advised. It is ordered accordingly. All concur.