STATE of Missouri, Plaintiff-Respondent,

v.

Sebastian C. NICOLOSI, Defendant-Appellant.

No. 39824.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 4, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1979.

Application to Transfer Denied Nov. 14, 1979.

Lee, O'Hanlon & Brady, Walter L. Brady, Jr., St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John R. Perkins, Brenda Engel, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Edward J. Rogers, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, District Judge.

Sebastian C. Nicolosi was convicted in the Circuit Court of the City of St. Louis of two Counts of illegal possession of a Schedule II controlled substance, Hydromorphone and Marijuana, in excess of 35 grams, and one Count of illegal possession of a Schedule IV controlled substance, Diazepamethelyclorynole, and one Count of illegal sale of a Schedule II controlled substance, Hydromorphone. He was also found to have been previously convicted of a felony and, pursuant to § 556.280 RSMo.1969, the trial court imposed punishment, sentencing the defendant to a term of ten years in the custody of the Missouri Department of Corrections on Count I of the Information, to a term of five years in the custody of the Missouri Department of Corrections on Counts II and III of the Information, said sentences to run concurrently with that imposed in Count I; and to a term of two years in the custody of the Missouri Department of Corrections on Count IV of the Information, said sentence to run consecutively with the sentences imposed in Counts I, II and III. Mr. Nicolosi took this appeal from the judgment aforesaid. We affirm.

On appeal three Points Relied On are presented. Appellant's first Point Relied On is that the trial court erred when it did not honor the dismissal mandated by a nolle prosequi entered in the case by the Assistant Circuit Attorney; his second Point Relied On is that he was denied due process of law by reason of ineffective assistance of counsel; and his Third Point Relied On is that the trial court erred in failing to submit an instruction on circumstantial evidence.

The evidence shows that on March 17, 1977, seven members of the St. Louis Tactical Anti-Crime Team of the St. Louis Metropolitan Police Department went to the two-story, four-family residence where appellant resided. These police officers were armed with a search warrant for a search of appellant's apartment. Shortly prior to going into the building the officers observed one Patrick Fleming enter the building and go to the second floor apartment occupied by the appellant. Officer Dower and several of the other police officers went to the landing midway between the first and second floors of the apartment building, and from this point of vantage Officer Dower overheard a conversation between Mr. Fleming and a second man whose voice was later identified to be that of the appellant. While this conversation was taking place Mr. Fleming was standing in the hallway in front of the partially open door to appellant's apartment; appellant was standing inside the apartment. The conversation Officer Dower overheard was as follows:

Fleming: Benny, give me one.

Appellant: I thought you wanted three.

Fleming: I couldn't get the money.

Appellant: Just a second.

Fleming said nothing else at this point and the appellant then said: "Give me the money." Fleming passed some folded money to the appellant. The appellant was not seen to hand anything through the doorway to Mr. Fleming, but when Mr. Fleming started down the stairway he was taken into custody by the police officers. When he was placed under arrest, Mr. Fleming dropped a yellow pill to the ground from his right hand. When analyzed, it was determined that this yellow pill was hydromorphone, a Schedule II controlled substance.

Following the arrest of Mr. Fleming, Officer Dower and the other police officers entered appellant's apartment and executed the search warrant in their possession. The officers found and seized a number of illegal controlled substances and drug paraphernalia in the apartment of the appellant. A vial containing twelve yellow pills, subsequently identified as hydromorphone, was found in appellant's pants pocket.

At trial appellant admitted possession of the vial containing the twelve pills and explained that they belonged to his mother who was in the hospital and that he was going to bring them to her. He denied any knowledge of the remaining contraband and stated that the other drugs and drug paraphernalia found in his apartment were brought in from the outside by Officer Dower.

The facts relevant to the disposition of appellant's First Point took place prior to voir dire examination of the jury on the opening day of trial when the assistant circuit attorney handling the prosecution of the case informed the trial court that Officer Dower, who had been endorsed on the Information as a witness for the prosecution, and one of the state's key witnesses, might be unavailable to testify due to an emergency within his family and if it was not possible to contact Officer Dower during the course of the morning he, the Assistant Circuit Attorney, would request a continuance. The selection of the jury proceeded and after the jury was selected, but prior to its being sworn, the Assistant Circuit Attorney informed the trial court that he had been unable to contact Officer Dower, that he assumed the officer would be available the following morning, and requested that the jury not be sworn until that time. This request was denied, whereupon the Assistant Circuit Attorney announced that "the State will formally enter a memorandum of nolle pros at this time. For the record the State is entering a memorandum of nolle prosequi." The trial court retorted: "Sit right down there, Mr. Rogers, and don't give me any more trouble." The clerk proceeded to swear the jury, and the cause was passed to the following morning for further proceedings.

The following morning the Assistant Circuit Attorney announced that Officer Dower was now present and available to give testimony and asked permission to rescind the motion of nolle prosequi orally made the previous evening. The trial court replied: "The motion wasn't accepted, Mr. Rogers, and you will be permitted to rescind it or it will be stricken from the record." The state then announced that it was ready to proceed and the trial progressed.

The appellant made no objection at trial to proceeding, but in his Motion for New Trial, he raised this Point as follows:

The Court erred when it did not honor the dismissal mandated by the Nolle Prosequi formally entered into the record by the Assistant Circuit Attorney, and it was a prejudicial error for the Court to go forward and permit the Assistant Circuit Attorney to adduce testimony for the reason that effectual termination of the prosecution was had when the Assistant Circuit Attorney informed the Court that the case was Nolle Prosequi.

The issue under this Point as stated by appellant in his brief is "whether an Assistant Circuit Attorney, without the consent of the trial Court, has the authority to enter a nolle prosequi; or whether the Court has such judicial power as to ignore and reject such a nolle prosequi formally entered into the record, and order the jury to be sworn and the trial to proceed."

The state, in its brief, states that it does not dispute the fact that the Assistant Circuit Attorney entered a motion for nolle prosequi which was not accepted by the trial judge and concedes that once the prosecutor has entered his motion of nolle prosequi the trial court no longer had jurisdiction to proceed in the case. The gut issue, the state contends, is whether, once the prosecutor has entered a nolle prosequi in a criminal case, he may request reinstatement of an information which he has nolle prossed and proceed to trial without the filing of a new information or indictment.

It is clearly the weight of authority in this state that the prosecutor has the sole discretion to enter a nolle prosequi in a criminal prosecution and the trial court in which the prosecution is pending may not interfere with the exercise of that discretion by refusing to permit the filing of said motion. *State v. Hoopes*, 534 S.W.2d 26, 34[4] (Mo. banc 1976); *State v. Moody*, 325 S.W.2d 21, 32[3] (Mo. banc 1959); *State ex rel Dowd v. Nangle*, 365 Mo. 134, 276 S.W.2d 135, 138[3] (banc 1955); *State ex rel. Griffin v. Smith*, 363 Mo. 1235, 258 S.W.2d 590, 593[6] (banc 1953); *State v. Brooks*, 551 S.W.2d 634, 647[13] (Mo.App.1977); *State ex rel. Lodwick v. Cottey*, 497 S.W.2d 873, 880[7] (Mo.App.1973).

In *State ex rel. Griffin v. Smith*, the court held that once the prosecutor enters a nolle prosequi in a criminal case the trial judge has no jurisdiction to proceed with

the case—he has "lost jurisdiction of the criminal cause." 258 S.W.2d 590, 595.

■■■ Despite this language in *Griffin*, there is authority that this loss of jurisdiction occasioned by the act of the prosecutor in entering a nolle pros does not deprive the trial court of its inherent power to set aside an unconditional nolle prosequi duly entered by the prosecuting attorney, reinstate the information during the term at which the order is made, issue an alias capias, and try the defendant on the original information. *State v. Montgomery*, 276 S.W.2d 166, 168[2] (Mo.1955); *State v. Lonon*, 331 Mo. 591, 56 S.W.2d 378, 381[3] (Mo.1932).[1] Where, however, the nolle prossed information is not reinstated by the prosecuting attorney during the term of court in which the nolle prosequi was filed, the trial court has lost jurisdiction of the case and possesses no judicial power to reinstate the information and try the named defendant in the absence of a new indictment or information; this has been held so despite the existence of Rule 31.03. *State v. Montgomery*, 276 S.W.2d at 168[3].[2]

■■■ At the time this nolle prosequi was entered in the Circuit Court of the City of St. Louis—September 12, 1977—the terms of court commenced on the first Mondays in February, April, June and December and the second Monday in September. RSMo. 478.275. September 12, 1977, was the first day of the term. The following day, September 13, 1977, the nolle prosequi entered the previous day was "rescinded" and "stricken from the record" and the case proceeded to trial on the information filed on April 20, 1977.

Under the authority of the cases cited supra, we hold that the trial court did not err in setting aside the nolle prosequi, reinstating the information, and proceeding to trial thereon.

1. Annot., 112 A.L.R. 386 (1938).

2. Rule 31.03: "The period of time so provided for the doing of any act or the taking of any proceeding under these Rules is not affected or limited by the expiration of a term of court during such period. The expiration of a term

Appellant's second Point Relied On is that he was ineffective in conducting his own defense by reason of his lack of technical legal knowledge. The state responds that he knowingly and intelligently waived his right to counsel after he had been advised of the danger and disadvantages of appearing pro se.

■■■ Missouri has long recognized the right of a defendant in a criminal prosecution to represent himself, a right based upon the Missouri Constitution, Article 1, Section 18(a), and Rule 29.01. *Bibbs v. State*, 542 S.W.2d 549, 550 (Mo.App.1976).

■■■ Whether an accused will be permitted to represent himself depends on whether he has knowingly and intelligently waived his right to counsel. *Faretta v. California*, 422 U.S. 806, 835[17], 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The record must demonstrate that his waiver was a knowing and intelligent one, and if it does not so demonstrate, then the presumption arises that it was not. *State v. Quinn*, 565 S.W.2d 665, 675 (Mo.App.1978). In making a determination whether an accused should be permitted to represent himself, the trial court should make him aware of the dangers and disadvantages of self-representation, inquire into his intellectual capacity to make an intelligent decision, and make the accused aware that, in spite of his efforts, he cannot afterwards claim inadequacy of representation. *State v. Quinn*, 565 S.W.2d 665, 676 (Appendix).

On April 26, 1977, a hearing was conducted on appellant's competency to represent himself before the judge in Division No. 16 of the Circuit Court for Criminal Causes, and a transcript of those proceedings has been filed in this court. It would serve no purpose to set out verbatim the discussions which took place between the appellant and the court, during which the judge informed him that he thought he was foolish in want-

of court shall in no way affect the power of the court to do any act or take any proceeding which it is otherwise by law or by these Rules authorized to do or take in any case pending before the court."

ing to defend himself inasmuch as he had no legal training. The appellant advised the court that he owned a tavern for almost twenty years and that he had defended himself before in the same kind of case when he made a determination that he was capable of representing himself and he won acquittal of that charge. A lengthy discussion of the dangers and disadvantages of self-representation was then undertaken by the court. The appellant stated that he was 54 years of age with a fourth grade education, could read and write, understood the English language, and was pretty well self-educated. He had been in the service in 1942 and had held a number of jobs since then. The range of punishment for each crime with which he stood charged was read to him and a discussion of the contents of the information followed. The legal effect of the Second Offender pleading in the information was explained to the defendant. He was advised that he might file pre-trial motions, including, among others, a motion to suppress any evidence seized, that he had available to him certain discovery tools, that he was entitled to a jury trial, and that the jury would be instructed that he was presumed innocent and the state had to prove his guilt beyond a reasonable doubt. He was also advised that if he did not testify the Assistant Circuit Attorney could not comment about that, and that he had the right to put on defense evidence. He then entered a plea of not guilty to each count of the information.

On September 12, 1977, when the cause came on for trial, the trial judge again inquired whether the appellant still desired to represent himself. He advised the appellant that he had had the court reporter read to him the proceedings which took place on April 26, 1977, he discussed the defenses which might be available to defendant, and explained the jury selection process and the necessity of preparing instructions which the appellant wanted given. The appellant stated that he had the funds to hire a lawyer, but he chose not to do so; he felt he was not guilty of anything so he didn't feel he needed a lawyer.

From this record we conclude that the appellant knowingly and intelligently waived his right to counsel and we further hold that having elected to represent himself he cannot now complain that the quality of his own defense amounted to a denial of effective assistance of counsel. *Faretta v. California*, 422 U.S. 806, 835, n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562. We rule this Point against the appellant.

Appellant's final Point Relied On, alleging error in failing to submit an instruction on circumstantial evidence, has not been preserved for review. Rule 84.-04(e) requires that an appellant raising as error the trial court's failure to submit an instruction must set out in the argument portion of his brief the instruction which he alleges should have been given. This appellant has not done, and for that reason this Point is not subject to review by this court.

However, even had appellant complied with the requirements of Rule 84.04(e) in this respect, he failed at trial to request the submission of this instruction—MAI–CR 3.42— and where no request for such submission has been made failure of the trial court to submit the issue to the jury is not error. *State v. Davis*, 491 S.W.2d 549, 552[6] (Mo.1973); *State v. Orr*, 493 S.W.2d 374, 376[6] (Mo.App.1973).

The judgment is affirmed.

STEPHAN, P. J., and STEWART, J., concur.