STATE of Missouri ex rel. Albert Earl NORWOOD, Relator,

v.

The Honorable Bernhardt C. DRUMM, Jr., Judge, Division Four of the Twenty-First Judicial Circuit, Respondent.

No. 66123.

Supreme Court of Missouri, En Banc.

April 30, 1985.

Rehearing Denied June 25, 1985.

Mary Dames, Asst. Public Defender, Clayton, for relator.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Relator Albert E. Norwood was the defendant in a criminal cause tried before respondent Judge Drumm, Jr. The jury found defendant guilty of second degree murder, a felony murder based on the underlying felony of possession of a controlled substance. After verdict at a hearing on defendant's motion for new trial, the assistant prosecuting attorney requested leave to file a memo of nolle prosequi as to the murder charge. Respondent refused to accept the memo and indicated his intent to deny defendant's after trial motions and proceed to sentencing. Relator then sought and obtained a writ of prohibition from the Eastern District that prevented respondent from denying the prosecuting attorney opportunity to nolle prosequi the charge. The Eastern District subsequently made permanent its provisional writ of prohibition and this Court granted transfer. The question presented, one of first impression in Missouri, is whether the prosecuting attorney has the exclusive and unrestricted discretion to enter a nolle prosequi after verdict and before sentencing and judgment. The Court concludes that he does not and quashes the writ of prohibition issued by the Eastern District.

Respondent defines the common law power of the prosecutor to enter a nolle prosequi as follows: 1) prior to impaneling and swearing the jury, a prosecutor has an

absolute right to file a nolle prosequi; 2) during the trial a prosecutor does not have the right without the consent of the defendant; 3) after verdict a prosecutor has the right to enter a nolle prosequi only when the dismissed charge is a higher offense and a lesser included offense remains intact, and; 4) after sentencing and judgment a prosecutor loses all jurisdiction to nolle prosequi a charge. Relator takes issue with 3), contending that after the jury returns its verdict, the unrestricted power of a prosecutor revives and continues until the court enters judgment and imposes sentence.

After trial of the cause before respondent judge, the jury returned a verdict of guilty on Counts I and II, murder in the second degree and receiving stolen property. The defendant moved for judgment of acquittal or, in the alternative, for a new trial. The prosecutor "confessed" defendant's Motion for New Trial, stating "it now appears that there is evidence that defendant did not 'knowingly possess' a controlled substance, the underlying felony" to the murder charge. Judge Drumm indicated he would deny the motion for new trial. The prosecutor then requested leave of court to enter an order of nolle prosequi as to Count I. The memo did not state the reasons prompting the requested entry. The prosecutor earlier stated, in confessing defendant's motion for a new trial, that after defendant's trial and conviction, he passed a polygraph examination and that the prosecutor verified some of the statements given. Respondent denied the request. When the prosecutor nevertheless entered an order of nolle prosequi, respondent refused to accept the order, and indicated his intent to proceed to sentence defendant to a term of fifteen years imprisonment, as recommended by the jury.

■ Section 56.060, RSMo 1978, charges the prosecuting attorney with the duty to "commence and prosecute all civil and criminal actions...." A prosecuting attorney enjoys great discretion in the conduct of a criminal charge. *State ex rel. Griffin v. Smith*, 363 Mo. 1235, 258 S.W.2d

590 (banc 1953); *State v. Lawson*, 630 S.W.2d 185 (Mo.App.1982); *State ex rel. Lodwick v. Cottey*, 497 S.W.2d 873 (Mo. App.1973). But no Missouri statute or decision addresses the extent of his authority to enter an order of nolle prosequi in these circumstances. A nolle prosequi, an entry of record whereby the prosecutor indicates that he will proceed no further, terminates the proceedings and releases the defendant. *State v. Berry*, 298 S.W.2d 429 (Mo. 1957); *Lawson*, 630 S.W.2d at 189. At common law, and continuing in most jurisdictions in the absence of statute, the power to enter a nolle prosequi is vested in the prosecuting attorney. *Berry*, 298 S.W.2d at 431; *State ex rel. Dowd v. Nangle*, 365 Mo. 134, 276 S.W.2d 135, 137 (1955); *Griffin*, 363 Mo. at 1239–1240, 258 S.W.2d at 593.

■ Courts and commentators recognize that different considerations attend exercise of the power to nolle prosequi at various stages of the prosecution. *United States v. Brokaw*, 60 F.Supp. 100 (S.D.Ill. 1945); *State v. Veterans of Foreign Wars*, 223 Iowa 1146, 274 N.W. 916 (1937); *Valent v. State*, 33 Del. 399, 138 A. 640 (1926), *rev'd on other grounds*, 33 Del. 407, 138 A. 643 (1927). Relying on *Brokaw*, 60 F.Supp. at 102, relator and the court of appeals contend that at common law a prosecutor not only had complete discretion to nolle prosequi a charge before a jury was impaneled and sworn, but also had the power to nolle prosequi through trial and verdict until sentencing. Closer examination of *Brokaw* and the cases cited therein reveals that courts did not uniformly accept this broad statement of the prosecutor's power and the cases fail to establish that Missouri courts "accepted the broad sweep of this common law rule." Slip op. at 4.

Relator is correct that the statement in *Brokaw* that "following the return of the verdict the uncontrolled power of the prosecutor to enter a nolle revives and continues until such time as judgment is entered and sentence imposed," 60 F.Supp. at 102, is repeated in numerous cases. Yet the broadest language in the cases cited refers

to exercise of the power before trial and in fact very few of the cases from other jurisdictions, and none of the Missouri decisions, involve entry of a nolle prosequi after verdict. *Brokaw,* 60 F.Supp. at 101 (before jury impaneled); *People v. Minner,* 246 Ill.App. 376 (1927) (before case submitted to jury); *Veterans of Foreign Wars,* 223 Iowa 1146, 274 N.W. at 917 (before jury impaneled); *Griffin,* 363 Mo. 1235, 258 S.W.2d at 592 (same); *Berry,* 298 S.W.2d at 430 (after venire sworn but before trial jury sworn); *State v. Nicolosi,* 588 S.W.2d 152 (Mo.App.1979) (after jury selected but before being sworn); *State v. Harlston,* 565 S.W.2d 773 (Mo.App.1978) (before venire sworn). In the cases permitting entry of a nolle prosequi after verdict, the prosecutor dismissed a higher offense and left a lesser included offense and sentence undisturbed. *Valent,* 138 A. at 640–642; *Commonwealth v. Dascalakis,* 246 Mass. 12, 140 N.E. 470 (1923). The Court declines to accept respondent's invitation to adopt a rule based on the facts of these latter cases, because the absence of controlling precedent in this state, decisions from foreign jurisdictions limiting the prosecutor's authority, and other compelling considerations justify conditioning exercise of the authority of the prosecuting attorney to nolle prosequi after verdict.

Some states held early that the entry of a nolle prosequi is subject to approval of the proper court. *State ex rel. Skinner v. Dostert,* 278 S.E.2d 624 (W.Va.1981). In particular it has been held that after a verdict and refusal to grant a motion for new trial, the prosecutor may not dismiss the prosecution without the authority of the court. *State ex rel. Bier v. Klock,* 48 La.Ann. 140, 18 So. 942 (1895). *See generally,* 22 A C.J.S. §§ 456–465 (1961). In *People ex rel. Hoyne v. Newcomer,* 284 Ill. 315, 120 N.E. 244 (1918), the court noted the lack of consensus among the courts as to the bounds of the power of the prosecuting attorney to enter a nolle prosequi without the consent of the court. The court viewed the remedy of a subsequent prosecution against the state's attorney for failure to prosecute inadequate and concluded

that the "due administration of justice and the protection of the people by the enforcement of criminal laws" requires that the prosecutor obtain the consent and approval of the court before entering a nolle prosequi. *Id.* 120 N.E.2d at 247–248. *Accord, State v. Kearns,* 70 Ohio L.Abs. 65, 129 N.E.2d 543, 545 (C.P.1955). This is the practice under more modern decisions, *People v. Mooar,* 92 Ill.App.3d 852, 48 Ill.Dec. 186, 416 N.E.2d 81 (1981), and in many jurisdictions by statute or court rule. *See, e.g., People v. Reagan,* 395 Mich. 306, 235 N.W.2d 581 (1975). Federal practice is even more restrictive. Under Federal Rule of Criminal Procedure 48(a), the prosecutor must obtain leave of court to terminate prosecution by dismissal of an indictment. These authorities persuade that the better approach is to recognize the role of the trial court in the dismissal of a cause after verdict.

A rule limiting the uncontrolled discretion of the prosecuting attorney at this stage of the proceeding also comports with considerations pertaining to the administration of justice. The position of relator that the prosecutor need not obtain leave of court or even state the reasons underlying entry of a nolle prosequi ignores the role of the jury and the court in the judicial process. The prosecutor retains sole discretion to determine whether to initiate prosecution, *Griffin,* 258 S.W.2d at 593–594; *State ex rel. Thrash v. Lamb,* 237 Mo. 437, 141 S.W. 665 (1911), and "the first and presumptively the best judge of whether a pending prosecution should be terminated." *United States v. Cowan,* 524 F.2d 504, 513 (5th Cir.1975), *cert. denied, Woodruff v. United States,* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976). But additional factors warrant consideration once the prosecutor invokes the jurisdiction of the court and submits the case to a jury. Here, the verdict rendered reveals that the jury, after hearing the evidence, found it sufficient to support the charge the prosecutor now seeks to dismiss. The trial judge considered defendant's motion for new trial and the prosecutor's order of

nolle prosequi and determined that neither the prosecutor nor the defendant showed good cause why the motions should be sustained. The trial court acted within its jurisdiction in denying the prosecutor leave to nolle prosequi. The conclusion that the court had jurisdiction to exercise discretion to grant or withhold leave to nolle prosequi at this stage of the prosecution accomodates the authority of the judiciary and the power of the prosecuting attorney.

Moreover, the court as well as the prosecutor is under a duty to consider the public interest in the fair administration of criminal justice. *Cowan,* 524 F.2d at 512–513; *State v. Kenyon,* 85 Wis.2d 36, 270 N.W.2d 160 (1978); *Guinther v. City of Milwaukee,* 217 Wis. 334, 258 N.W. 865 (1935). The participation of the trial court in the decision to dismiss a cause after verdict permits the exercise of judicial discretion to check the unfettered discretion of the prosecutor. The concept of judicial review of prosecutorial discretion is not novel in Missouri. *State ex rel. McKittrick v. Wymore,* 345 Mo. 169, 132 S.W.2d 979 (1939). In addition to disclosing the reasons warranting dismissal and seeking leave to enter a nolle prosequi, the prosecuting attorney or the defendant may move for a new trial based on newly discovered evidence, seek a writ of error coram nobis, or a writ of habeas corpus based on newly discovered evidence.

On a petition for writ of prohibition, review of this Court is limited to whether the trial court acted without jurisdiction or acted in excess of its jurisdiction. The Court concludes the trial court had jurisdiction to deny leave to enter a nolle prosequi. Accordingly, the writ of prohibition is quashed.

RENDLEN, C.J., and GUNN, BILLINGS, BLACKMAR and DONNELLY, JJ., concur.

WELLIVER, J., concurs in result in separate opinion filed.

WELLIVER, Judge, concurring in result.

I concur only in the result.

It is settled that at common law the prosecutor possessed unbridled discretion to *nolle prosequi* a case either before the jury is empaneled or after verdict but before sentencing. When discussing the derivation of federal rule 48(a) noted in the principal opinion, one court recently explained:

As a literal translation of *nolle prosequi* —"I am unwilling to prosecute"—makes clear, the primary purpose of the doctrine was to allow the government to cease active prosecution. At common law, and before Rule 48(a) was enacted, prosecution was within the exclusive jurisdiction of the prosecuting attorney at the early stages of the proceedings and a *nolle prosequi* could be entered at any time before the jury was empaneled. *Confiscation Cases,* 74 U.S. (7 Wall.) 454, 457, 19 L.Ed. 196 (1868).

However, as the case progressed, the prosecuting attorney lost the unilateral right to enter a *nolle prosequi.* After the jury was sworn and evidence heard, the defendant had the right to object to the entry of a *nolle prosequi* and the effect of the entry at that stage was a verdict of acquittal. *United States v. Shoemaker,* 27 F.Cas. 1066 (C.C.D.Ill. 1840) (No. 16,279). While the prosecutor's unilateral power to enter a *nolle prosequi* apparently revived just after the verdict was returned, once a sentence had been handed down or final judgment entered, that unilateral right of the prosecutor was again extinguished. *United States v. Brokaw,* 60 F.Supp. 100 (S.D. Ill.1945)

*Korematsu v. United States,* 584 F.Supp. 1406, 1410–11 (N.D.Calif.1984). *See generally* F. Miller, Prosecution 307–09 (1969). It is generally recognized that absent a controlling statute or court rule the prosecutor retains the power he possessed at common law. *See* 21 Am.Jur.2d *Criminal Law* §§ 513–17. This Court apparently reaffirmed its adherence to the common law rule in *State ex rel. Griffin v. Smith,* 363 Mo. 1235, 258 S.W.2d 590 (1953). The majority of jurisdictions, however, either

through statute or court decision have altered the common law rule and now require leave of court, and perhaps consent of the defendant, after the jury has been empaneled. *See Meyers v. Frazier,* 319 S.E.2d 782, 792 n. 13 (W.Va.1984).

I agree with the principal opinion to the extent that it follows the lead of the majority of jurisdictions and modifies the common law rule. However, I disagree with the principal opinion's discussion of the standard of judicial review of prosecutorial discretion. The principal opinion unwisely suggests that the prosecutor must "demonstrate good cause" for the *nolle prosequi* and that the trial court has discretion to grant or deny the *nolle prosequi.* The better view, while not leaving the prosecutor unrestricted authority, is to give deference to the opinion of the prosecutor[1] and not allow the trial court to deny the *nolle prosequi* unless the prosecutor is clearly abusing his or her discretion. The trial court should "enter the *nolle prosequi* absent a clear abuse of the prosecutor's discretion. Only where the entry of the *nolle prosequi* is capricious or vexatiously repetitious will the court limit the prosecutor's power." *People v. Bradley,* 128 Ill.App.3d 372, 83 Ill.Dec. 701, 470 N.E.2d 1121, 1128 (1984) (citations omitted). *See also State v. Abbati,* 195 N.J.Super. 218, 478 A.2d 1212, 1215 (1984) (trial court reviews prosecutor's decision for clear error of judgment). Such a standard of review contemplates that the prosecutor state the reason for the *nolle prosequi,* and a trial court that denies the request state the reasons why the prosecutor has acted beyond his or her discretion.

Under the federal rule, "[t]he principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.,* charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States,* 434 U.S. 22, 29 n. 15, 98 S.Ct. 81, 85 n. 15, 54 L.Ed.2d 207 (1977). It would appear that the federal rule limits the district court in denying the request to cases where it is contrary to the manifest public interest. *See United States v. Weber,* 721 F.2d 266, 268 (9th Cir.1983). That the prosecutor believes the defendant innocent is not within itself a reason necessitating that leave of court be granted. In a federal case where the Assistant United States Attorney General sought to dismiss a charge after trial and sentencing because he believed the defendant innocent based upon new information (perhaps not admissible in court), the Ninth Circuit explained:

> Existence of substantial reasonable doubt as to the guilt of the defendant can and should be considered by the Executive in determining whether to initiate or continue a prosecution; it is the duty of the United States Attorney not simply to prosecute, but to do justice. *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). In deciding whether to initiate or terminate a prosecution the prosecutor has access to and must take into consideration a wide range of information that may not be competent evidence at trial. No doubt this is part of the reason the prosecutor must be given wide latitude in making those decisions. Seeking dismissal because of the existence of such a reasonable doubt was not "clearly contrary to the manifest public interest."

*Id.*

In the case at bar, the prosecutor's apparent reason for the *nolle prosequi* was that he believed the defendant innocent of the underlying felony. One of the reasons for the prosecutor's disbelieving defendant's guilt was that defendant had passed

---

**1.** In *State v. Smith, supra,* the Court noted that the prosecutor and not the trial judge was in a better position to know all the facts and the various policy considerations. *State v. Smith, supra* 258 S.W.2d at 594. It might be noted that until the revision of our criminal laws in 1977, the prosecutor could be charged with a misdemeanor if a *nolle prosequi* was entered pursuant to a corrupt agreement with the defendant or others. § 558.170, RSMo 1969. Arguably this suggests either unilateral or unrestricted authority in the prosecutor to the extent the statute was not violated.

the polygraph examination. While Missouri has not accepted polygraph results as proof of guilt, we would be closing our eyes to reality if we fail to recognize that for many years prosecutors have utilized polygraph results in arriving at their decision to prosecute.

In a country that has experienced the pains of the Sacco-Vanzetti trial, the Bruno Hauptman case, and the Scopes trial, jury verdicts are not necessarily infallible and sacrosanct and justice demands that the added safeguard exercised by the prosecutor not be unnecessarily restricted.

The trial judge has the jurisdiction to err and I would therefore concur in the result of quashing the writ.

When reviewed on appeal, I would hope that the Court would use the more favored, more logical, and more fair and just standard of review herein set forth.

