Jerry Lynn JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. 55289.

Missouri Court of Appeals,
Eastern District,
Division 3.

April 25, 1989.

Motion for Rehearing and Transfer
Denied June 2, 1989.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

HAMILTON, Judge.

Movant, Jerry Lynn Jones, appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm in part, reverse in part, and remand for an evidentiary hearing.

On December 7, 1982, the grand jury charged Movant in Cause Number 482900 with two counts of kidnapping, and one count each of forcible rape, sodomy, and armed criminal action. On February 25, 1983, the trial court severed one count of kidnapping and the count of armed criminal action from the other three counts. On May 26, 1983, a jury convicted Movant of kidnapping and armed criminal action; he was sentenced on July 21, 1983, to concurrent terms of fifteen years for kidnapping and ten years for armed criminal action.

The court scheduled disposition of the remaining three counts for August 31, 1983. When the parties appeared in court, the following colloquy occurred:

THE COURT: I am advised Mr. Jones wants to accept the sentence of 23 years but he does not admit his guilty [sic] of the crime. Mr. Ross is opposed to the Court accepting an Alfred [sic] Plea in the case.

I have always taken the position that the defendant has an absolute right to an Alfred [sic] Plea.

MR. ROSS [Prosecutor]: Your Honor, for the record, I don't want to dispute any of the facts you stated on the record. I am not prepared, at this time to go ahead with the plea and the recommendation we spoke about yesterday, that I conveyed in error, and it was my error.

The Court has indicated it intends to proceed and accept an Alfred [sic] Plea, which we are opposed to because the Defendant in this case, does not intend to admit any guilt on his part, does not intend to admit any of the actions alleged.

I intended previously—I had intended previously to indict the defendant and charge him with Armed Criminal Action along with the counts he is charged with out of this incident, and intend to do so. And, I would like to file a memo of nol [sic] prosequi in the cause.

THE COURT: I will deny the Motion to Nol Pros, at this time. I am sick and tired of the Prosecuting Attorney's office of St. Louis County playing games with the Court. Your offer to nol pros the case at this point comes too late here in court, on a plea, and have already started plea arrangements.

Immediately thereafter, Movant entered an Alford plea to the offenses of forcible rape, kidnapping, and sodomy. Upon his acceptance of the plea, the trial court sentenced Movant to a total of twenty-three years in prison: five years for kidnapping, followed by concurrent terms of eighteen years each for forcible rape and sodomy.

The trial court record reflects that on August 31, 1983, the State filed a typewritten nolle prosequi as to the counts of forcible rape, kidnapping, and sodomy, signed by the assistant prosecuting attorney. Across it, the judge wrote "Denied" and his initials. In addition, the State filed, on August 31, 1983, the following "Motion to Vacate:"

The State moves the court in the above cause vacate the judgment of sentence and conviction in the above cause and set aside defendant's plea of guilty and strike all testimony from the record for the reason that the State entered an Order of Nolle Prosequi and the court was without jurisdiction to proceed in the above-cause.

On September 1, 1983, the trial court entered the following order, signed by counsel for both parties:

Motion to Vacate sustained. Judgment and sentence of August 31, 1983 set aside and held for naught. State's contingent Motion to Reinstate Cause denied.

On September 3, 1983, the Grand Jury reindicted Movant in Cause Number 495433 on kidnapping, forcible rape, and sodomy, and it added a new charge, armed criminal action. Following Movant's conviction of these offenses by a jury, the trial court, on May 11, 1984, sentenced him to a total of thirty years in prison: fifteen years each for kidnapping and armed criminal action, followed by concurrent terms of fifteen years each for rape and sodomy.[1] This court affirmed these convictions in *State v. Jones*, 693 S.W.2d 166 (Mo.App.1985).

On March 11, 1988, Movant filed a *pro se* motion pursuant to Rule 29.15. His motion to disqualify the trial judge, contained within the Rule 29.15 motion, was sustained and the matter was reassigned to another judge. Following her entry of appearance on behalf of Movant, an Assistant Special Public Defender, on April 29, 1988, filed a First Amended Motion that requested an evidentiary hearing. On July 7, 1988, the motion court denied the motion without an evidentiary hearing. This appeal followed.

Movant essentially raises three points on appeal. He asserts the motion court erred (1) in subjecting him to double jeopardy so as to require reversal of his convictions for kidnapping, forcible rape, and sodomy in Cause Number 495433; (2) in the alternative, in failing to grant him an evidentiary hearing on the claim that he was subjected to double jeopardy; and (3) in failing to

---

1. Movant was to serve this sentence concurrently with the sentence imposed earlier in Cause Number 482900.

grant him an evidentiary hearing on the claim that his trial counsel was ineffective for failing to challenge the additional charge of armed criminal action in Cause Number 495433 on the basis of prosecutorial vindictiveness.

Our review of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Mo.R.Crim.P. 29.15(j). Such findings and conclusions are clearly erroneous if, upon review of the entire record, "the appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Foster v. State*, 748 S.W.2d 903, 905 (Mo.App.1988) (quoting *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985)) (construing similar language of Rule 27.26 (repealed)).

In addition, Rule 29.15 requires no evidentiary hearing "if the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief...." Mo.R. Crim.P. 29.15.

▪ With respect to his first two points on appeal, Movant contends that the State failed to enter a *nolle prosequi* on August 31, 1983, prior to acceptance of Movant's Alford plea and his sentencing thereon by the trial court. In support of this contention, Movant asserts the prosecutor merely announced his intention to enter a *nolle prosequi;* he failed effectively to terminate the prosecution. According to Movant, the trial court, therefore, retained jurisdiction to accept the Alford plea and to sentence Movant. Consequently, Movant argues, his subsequent prosecution on the same charges, following reindictment, trial and sentencing, are barred by the constitutional prohibition against double jeopardy.

The State disagrees, asserting the motion court correctly found that the *nolle prosequi* was tendered prior to the Alford plea and prior to a determination of Movant's guilt. The State further asserts in its brief that "the prosecutor fully intended to and attempted to enter an order [of nolle prosequi] before the plea proceedings began." As a result, the State maintains the trial court lacked jurisdiction to accept Movant's Alford plea, and the double jeopardy clause, therefore, had no application to a subsequent prosecution on the three charges.

For purposes of a plea of guilty, we may assume that jeopardy attaches when a defendant is sentenced on that plea. *Ricketts v. Adamson*, 483 U.S. 1, 107 S.Ct. 2680, 2685, 97 L.Ed.2d 1 (1987). Thus, if the State failed to terminate Movant's prosecution prior to the imposition of sentence on his Alford plea, the double jeopardy clause barred reprosecution of Movant on those same charges.

▪ The prosecutor retains sole discretion to determine whether to initiate prosecution and is "the first and presumptively the best judge of whether a pending prosecution should be terminated." *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir.1975); *cert. denied, Woodruff v. United States*, 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976). He is the only official having power voluntarily to dismiss a felony charge in this state. *State v. Hoopes*, 534 S.W.2d 26, 34 (Mo. banc 1976). The prosecutor has unfettered discretion either to prosecute or to *nolle prosequi* a case before return of a verdict. *State ex rel. Norwood v. Drumm*, 691 S.W.2d 238, 241 (Mo. banc 1985). "A *nolle prosequi,* an entry of record whereby the prosecutor indicates that he will proceed no further, terminates the proceedings and releases the defendant." *State ex rel. Norwood*, 691 S.W.2d at 239; *see State v. Clark*, 711 S.W.2d 928, 934 (Mo.App.1986). It results in a dismissal without prejudice unless defendant's double jeopardy rights bar reprosecution. *State v. Lawson*, 630 S.W.2d 185, 189 (Mo.App.1982).

With these principles in mind, we conclude that the motion court erred in denying Movant's request for an evidentiary hearing. The record fails conclusively to show that Movant is entitled to no relief because it discloses a factual dispute concerning whether the State entered a *nolle prosequi* before or after the trial court accepted the Alford plea and sentenced Movant on August 31, 1983.

The present record is susceptible to differing interpretations. For example, prior to the Alford plea on August 31, 1983, the prosecutor stated that he "had intended previously" to indict Movant, charging him with armed criminal action along with the other counts. Moreover, he told the trial court that he "would like" to file a memorandum of *nolle prosequi*. This language suggests future, not present, action. On the other hand, use of the verb form "would like" may have indicated the prosecutor's present intention, expressed in the vernacular, to *nolle prosequi* the case. Similarly, the record is unclear whether the typewritten *nolle prosequi*, stamped August 31, 1983, was filed before or after acceptance of, or sentencing on, the Alford plea. So long as a *nolle prosequi* is entered on the record, either orally or in writing, it is effective. Upon a remand, the parties can adduce evidence of the precise chronology of events in order for the motion judge to determine whether or not the State entered a *nolle prosequi* before jeopardy attached. Accordingly, we reverse and remand for an evidentiary hearing on this point.

■ With respect to his final point, Movant asserts the motion court should have afforded him an evidentiary hearing to determine whether his trial counsel was ineffective for failing to challenge, on the basis of prosecutorial vindictiveness, the State's addition of a charge of armed criminal action. We disagree.

To be entitled to an evidentiary hearing, Movant must allege facts, not conclusions, warranting relief, which are unrefuted by the record, and which resulted in prejudice to Movant. *Johnson v. State,* 748 S.W.2d 417, 418 (Mo.App.1988) (construing similar language in Rule 27.26 (repealed)). In his motion, the sole factual allegation on this issue is that "[t]he State added the charge of armed criminal action to movant's charge...." The motion court correctly determined that nothing in Movant's motion, apart from conclusions, suggests prosecutorial vindictiveness.

A prosecutor enjoys great discretion in the conduct of a criminal charge. *State ex rel. Norwood v. Drumm,* 691 S.W.2d 238, 239 (Mo. banc 1985). He has sole discretion to determine against whom, when, and how the criminal laws are to be enforced. *State v. Rogers,* 674 S.W.2d 608 (Mo.App. 1984). The bare allegation that the State added a charge of armed criminal action is insufficient to warrant relief. It merely describes permissible action within the discretion of the prosecutor. Therefore, the motion court's denial of an evidentiary hearing was not clearly erroneous.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for an evidentiary hearing.

DOWD, P.J., concurs in part, dissents in part.

SIMON, J., concurs.

DOWD, Presiding Judge, dissenting.

I concur in part with and respectfully dissent in part from the majority opinion.

I dissent from the portion of the majority opinion finding a factual dispute on the issue of whether the state entered its nolle prosequi order before or after the trial court accepted the Alford plea. The majority feels that the record can be interpreted in two different ways. While this is true to an extent, I believe the record is clear enough to find that the nolle prosequi was entered prior to acceptance of the guilty plea.

The quoted portion of the transcript indicates that the prosecutor stated "for the record" that he did not intend to go along with the Alford plea, that he presently intended to indict defendant on the additional count of Armed Criminal Action, and that he would "like to file a memo of nol [sic] prosequi." The court then stated that it was denying the motion to nolle prosequi and proceeded with the plea process. The prosecutor's actions clearly indicate an intent to nolle prosequi; it is apparent that he appeared before the court with the intention of doing so. In addition, the court treated the prosecutor's statement of intent to file a motion as if he was in fact filing one at that time. This evinces that

the prosecutor's statements indicated immediate, not future, intent.

As the majority indicates, a nolle prosequi is effective when entered on the record either orally or in writing. *See State v. Nicolosi*, 588 S.W.2d 152 (Mo.App.1979). Consequently, I do not believe the time of filing the written order is important where the prosecutor orally entered the order prior to the plea. In keeping with the principle that appellate courts should finally dispose of all issues in the case unless justice requires otherwise, Rule 84.14, I do not feel the case should be remanded for a finding when the record is clear enough that we may come to our own conclusion with a sufficient degree of confidence. *Searcy v. Searcy*, 658 S.W.2d 931, 934 (Mo. App.1983).

I concur in all parts of the majority opinion except the portion remanding the case for an evidentiary hearing on the nolle prosequi issue.